FILED
 2013 Jul-23  PM 02:01
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **STEVEN A. CAMPBELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. C-13-S-331-NW** |
| ) | |
| **NIKOLAI N. KOVALEV,** ) | |
| **ALEKSEI KALETAYEV and** ) | |
| **A & P GROUP CORP.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Steven Campbell, commenced this action against defendants, Nikolai Kovalev, Aleksei Kaletayev, and A & P Group Corp., on February 19, 2013.[1] Plaintiff sustained injuries when defendants' eighteen-wheel truck collided with plaintiff's work van.[2] As a result of his injuries, plaintiff was paid workers compensation benefits by his employer.[3] This case is before the court on a motion to intervene, filed by Alabama Home Builder's Self-Insurers Fund ("Insurer"), the workers' compensation fund for plaintiff's employer, and New Hope Telephone Cooperative ("Employer"), the plaintiff's employer.[4] The court finds that the motion to intervene

---

[1] Doc. no. 1, Ex. 1 (Complaint).

[2] *See generally id.*

[3] Doc. no. 10-1 (Motion for Conditional Intervention ¶ 4).

[4] Doc. no. 10 (Motion for Conditional Intervention).

is to be granted.

At the time plaintiff was injured, he was employed by New Hope Telephone Cooperative, a company that is not a party to this action.[5] Following his injury, plaintiff filed a workers' compensation claim, which was paid by the Insurer.[6] Plaintiff's Employer and Insurer request that the court allow them to intervene in this action to seek reimbursement from defendants for the payments made to plaintiff.[7]

Plaintiff has no objection to the intervention of his Employer and Insurer in this case.[8] Additionally, the Employer and Insurer only request conditional intervention, "for the purpose of preserving and protecting the worker's compensation lien which said parties have with regard to any third-party recovery that is obtained by Steven A. Campbell in this action."[9]

Rule 24 of the Federal Rules of Civil Procedure provides that:

> (a) **Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
>
> > (2) claims an interest in relating to the property or

---

[5] *See generally id.*

[6] Doc. no. 10-1 (Complaint in Intervention ¶ 4).

[7] *Id.*

[8] Doc. no. 14 (Plaintiff's Response to Motion to Intervene).

[9] Doc. no. 10 (Motion for Conditional Intervention).

> transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 14(a)(1)-(2).

Here, no party is claiming that a federal statute gives Employer or Insurer the right to intervene. Instead, both entities are requesting intervention for the purpose of protecting their financial interest in the litigation pending before the court. Alabama Code, § 25-5-11 provides the right to assert a subrogration lien for workers' compensation benefits paid to an employee.

> If the injured employee, or in case of death, his or her dependents, recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. If the damages recovered and collected are in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of injury or death. To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death. If the employee who recovers damages is receiving or entitled to receive compensation for permanent total disability, then the employer shall be entitled to reimbursement for the amount of compensation theretofore paid . . .

Ala. Code § 25-5-11(a) (1975). Additionally, if an injured employee fails to file suit within in the applicable statute of limitations, the employer or its insurance carrier will be allowed six additional months "within which to bring a civil action against the

3

other party for damages on account of the injury or death." Ala. Code § 25-5-11(d). Furthermore, courts have found that "[t]he creation of [a] subrogation lien is a sufficient interest to satisfy the first requirement of Rule 24(a)." *Clifton v. Gainey Transp. Services, Inc.*, 2008 WL 474428 *1 (S.D. Ga. 2008); *see also Lee v. Genie Industries, Inc.*, 2007 WL 3284873 (M.D. Ga. 2007).

Accordingly, Employer and Insurer request intervention in order to protect their subrogation lien. There is no doubt that their financial interest is at the heart of this litigation. If movants were denied intervention, they would be impeded from protecting this financial interest. Additionally, no current parties within the suit would adequately represent the interests of plaintiff's employer or its insurance company. Accordingly, this court finds Alabama Home Builder's Self-Insurers Fund and New Hope Telephone Cooperative may intervene as a matter of right, and the motion to intervene is hereby **GRANTED**.

**DONE** and **ORDERED** this 23rd day of July, 2013.

_____
United States District Judge